**John H. DeVRIES, Relator,**

v.

**George D. TAYLOR, Respondent.**

No. B–4339.

Supreme Court of Texas.

Dec. 18, 1973.

Goodwin & Hawthorn, Joseph C. Hawthorn, Beaumont, Craig A. Washington, Houston, for relator.

Larry Gist, Asst. Dist. Atty., Beaumont, for respondent.

PER CURIAM.

This motion urges the right to a writ of mandamus to enforce the mandatory continuance of a trial upon the application of a member of the Legislature, pursuant to Article 2168a, Vernon's Ann.Tex.Stat.

John H. DeVries is charged with murder with malice in Cause No. 31,085 in the Criminal District Court of Jefferson County, Texas. Honorable George D. Taylor is the presiding judge of that court. Judge Taylor has conducted several hearings and has ruled upon numerous motions in the cause. The relator has at all times been vigorously represented by attorneys Joe B. Goodwin and Joseph Hawthorn of Beaumont. On November 16, 1973, Judge Taylor by announcement in open court and by a written order set the case for trial on December 3, 1973.

On December 10 a motion for continuance was presented in which it was set forth that relator was also represented by Honorable Craig A. Washington, State Representative from the 86th District, Harris County, and that the continuance must be granted because the members of the Legislature will sit as the Constitutional Convention which convenes on January 8, 1974. At a subsequent hearing before the trial court, held at the request of the Supreme Court after motion for leave to file petition for mandamus was first received, Representative Washington testified that he was employed in the course of a telephone conversation with attorney Goodwin on November 27, 1973, that he intended to participate actively in the trial,

that he would not under any circumstances accept employment for the purpose of obtaining a legislative continuance, and that he was told that the case was set for trial on December 10. On that basis he signed the affidavit in support of the motion for continuance on December 4. The error about the date of the setting apparently explains the insistence upon the mandatory continuance.

 The statutory right of the legislator, as attorney or party, to continuance of judicial proceedings has had an active history. Controversy has attended it in press, court and legislative hall. *See*, Government Services Ins. Underwriters v. Jones, 368 S.W.2d 560 (Tex.1963); Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759 (1947); Note, 42 Tex.L.Rev. 391 (1964). The statute was reconsidered by the 63rd Texas Legislature and re-enacted with significant changes. Acts 1973, 63rd Leg. p. 1130. The change which decides this case is the following new provision:

> [T]he right to such continuance, where such continuance is based upon an attorney in such cause being a member of the Legislature, shall be discretionary with the Court in the following situations and under the following circumstances, and none other, to wit:

> (1) Where such attorney was employed within 10 days of the date such suit is set for trial.

Since Representative Washington was not employed until November 27, six days before the case was set for trial on December 3, the new provision applies and the continuance was discretionary with Judge Taylor. The Supreme Court is shown no cause to invade his exercise of that discretion.

 Relator argues that the case was actually set for trial on the merits on December 10, but the record will not support that view. It is true that the special venire was not summoned to report until December 10, but that was because a trial of the issue of present insanity was required as of the date of the order making the setting, and selection of a jury from the special venire to try relator on the merits could not proceed until thereafter. Tex. Code Crim.Proc.Ann. art. 46.02. When the preliminary question of competency was resolved, Judge Taylor recessed the trial until the time when the special venire reported. Only one final setting for trial appears in the court records. It set the case for trial on December 3, and no resetting was ordered thereafter.

 Relator also suggests that the trial court cannot go behind this statement in Representative Washington's original affidavit: "Craig A. Washington has been employed for more than ten days prior to the setting of this case." This conclusion was erroneous, and the error is now corrected. The court was entitled to ascertain that fact and to act upon its finding in the exercise of its discretion.

The motion for leave to file the petition for writ of mandamus is overruled.