**In re CNA Holdings, Inc.**

**No. 09–03–131 CV.**

Court of Appeals of Texas, Beaumont.

March 19, 2003.

Jerry L. Mitchell, Jr., Norman W. Peters Jr., Kasowitz, Benson, Torres & Friedman, LLP, Houston, Marc E. Kasow-

itz, Michael M. Fay, Kasowitz, Benson, Torres & Friedman, LLP, New York, NY, Michael E. Hutchins, Atlanta, GA, Jaime L. Capelo Jr., Chaves, Gonzales & Hoblit, LLP, Corpus Christi, for relator.

Susan Hays, Charles S. Siegel, Waters & Kraus, LLP, Dallas, for real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The issue presented in this original proceeding concerns the denial of a motion for a legislative continuance. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 30.003 (Vernon 1997); TEX.R. CIV. P. 254. Because we hold that the trial court did not have the discretion to deny the motion, we conditionally grant the relator's petition for writ of mandamus.

Cause No. 00–10–06613, a suit styled *Maydell Roy, et al. v. Able Supply Company, et al.,* is asbestos litigation pending in the 9th District Court of Montgomery County, Texas. One group of plaintiffs in this cause, the personal representatives, heirs and wrongful death beneficiaries of Huey Sonnier ("Sonnier"), have claims against the relator, CNA Holdings, Inc.("CNA"). The case is currently scheduled for a joint trial with Cause No. 00–09–05892–CV, a suit styled *Coy et al. v. Able Supply Company, et al.*

On January 16, 2003, The Honorable Jaime L. Capelo, Jr., entered his appearance as counsel for the relator. On February 5, 2003, the trial court signed a final scheduling order that set a February 28, 2003, deadline for all filings, scheduled the commencement of the jury selection process for March 21, 2003, and set a trial date of March 31, 2003. CNA filed a motion for continuance on February 13, 2003. The motion for continuance alleged that, as the duly elected State Representative from District 34, Representative Capelo is a member of the Texas Legislature, and that, due to his obligations as State Representative, he is unable to be present for trial on March 31, 2003. The motion for continuance was filed during the current legislative session, and contained an affidavit stating the grounds for the continuance. Representative Capelo's affidavit also included a declaration that he intends to participate actively in the preparation and presentation of CNA's defense in the suit, and that he has not taken the case for the purpose of obtaining a continuance. At a pre-trial hearing conducted on March 7, 2003, the trial court expressed concern that the representative had not personally appeared to support his motion, and, reading Section 30.003 to make the continuance discretionary, denied the motion.

■■■ "If the attorney for a party to the case is a member of the legislature who was employed within 10 days before the date on which the suit is set for trial, the continuance is discretionary with the court." TEX. CIV. PRAC. & REM.CODE ANN. § 30.003(c) (Vernon 1997). The "date on which the suit is set for trial" is the trial date stated in the scheduling order, not the date on which the scheduling order is signed or the date on which trial actually commences. *DeVries v. Taylor,* 505 S.W.2d 780 (Tex.1973). The real party in interest contends that the statute in effect employed language which differs from the current statute. Section 30.003 was enacted in the nonsubstantive recodification of existing law into the Civil Practice and Remedies Code. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3242, 3269, 3322; Act of May 28, 1973, 63rd Leg., R.S., ch. 428, 1973 Tex.

Gen. Laws 1130. Representative Capelo entered his appearance in the suit more than ten days before the date of the trial setting. Therefore, continuance was mandatory, not discretionary with the court under Section 30.003(c).

Sonnier argues that the trial court found insufficient factual support for the motion for continuance. Pursuant to the express terms of the statute, however, the affidavit is proof of the necessity for a continuance, and no corroboration was required for Representative Capelo's affidavit. TEX. CIV. PRAC. & REM.CODE ANN. § 30.003(d). The affidavit complied with the requirements of Section 30.003 and was not controverted; therefore, the legislative continuance is mandatory and the trial court could not within its discretion deny CNA's motion. *Amoco Production Co. v. Salyer*, 814 S.W.2d 211, 213 (Tex.App.-Corpus Christi 1991, orig. proceeding).

The petition for writ of mandamus is conditionally granted. Because we are confident that the trial court will withdraw its order denying the motion for a continuance and will not require CNA Holdings, Inc. to participate in a trial while its attorney is attending the legislature, our March 17, 2003, Order, which stayed the trial proceedings in the court below, is lifted. The writ of mandamus shall issue only if the trial court fails to comply with the directive in this opinion.

WRIT CONDITIONALLY GRANTED.