

## OPINION

No. 04-09-00489-CV

**IN RE** Maria Cristina **BRITTINGHAM-SADA**,
Daniel Milmo Brittingham, and Maria Cristina Lobeira-Brittingham

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:         Catherine Stone, Chief Justice
                  Sandee Bryan Marion, Justice
                  Marialyn Barnard, Justice

Delivered and Filed: October 14, 2009

WRIT OF MANDAMUS CONDITIONALLY GRANTED

The sole issue presented in this original proceeding is whether the trial court abused its discretion in granting a motion to compel the deposition of a legislator when the purpose of the deposition was to inquire into facts relating to a motion for a legislative continuance. Because we conclude that the taking of such a deposition is contrary to the intent of the Texas Legislature expressed in the statute governing legislative continuances, we conditionally grant the writ.

---

[1] This proceeding arises out of Cause No. 2000PB7000049-L1, styled *In re Estate of Juan Roberto Brittingham-McLean*, pending in the County Court at Law No. 1, Webb County, Texas, the Honorable Alvino "Ben" Morales presiding.

### BACKGROUND

This original proceeding arises out of an application for the ancillary probate of an estate which was filed in 2000. On March 31, 2009, the parties received notice that the cause had been set for a final pretrial hearing on May 5, 2009, and for jury selection on May 18, 2009.

On May 4, 2009, this court denied a motion for emergency stay of the cause that had been filed by relators on April 23, 2009. On May 7, 2009, the relators filed a motion for legislative continuance. The motion was supported by the affidavit of Carlos Uresti, a state senator. The affidavit stated that Senator Uresti had been retained on March 27, 2009, and the affidavit complied with the requirements of § 33.003 of the Texas Civil Practice and Remedies Code ("Code") which governs legislative continuances.

Real party in interest, Kevin Michael Mackie, Successor Administrator of the Estate of Juan Roberto Brittingham-McLean, immediately filed a motion for sanctions for late filed legislative continuance. The motion for sanctions asserted that Senator Uresti had been hired 46 days before the motion for continuance had been filed but had never appeared in the case. The motion noted that Mackie continued to prepare for trial from March 31, 2009, to the present time without being advised of the retention of Senator Uresti by the relators. The motion further noted that the trial court had inherent power to sanction for abuse of the judicial process even if the conduct at issue did not violate a specific rule or statute. Finally, the motion asserted that Mackie should recover all of his attorney's fees and expenses incurred after March 28, 2009, because the relators failed to disclose their retention of Senator Uresti and their intention to seek a legislative continuance.

In addition to filing the motion for sanctions, Mackie filed an emergency notice of intention to take Senator Uresti's deposition on May 8, 2009 at 9:00 a.m. The notice stated that the deposition was necessary to respond to the motion for continuance and to seek sanctions. The deposition notice required the production of the following documents: (1) any and all documents and contracts which establish the date when the attorney-client relationship was established between the Uresti Law Firm and the relators; (2) any and all records that support Carlos Uresti's intention to participate and participation in the preparation and presentation of this case; (3) any and all records which support his contention that he was not employed for the purpose of obtaining a legislative continuance; and (4) any and all records and pleadings regarding the trial settings in this case.

On May 8, 2009, the relators filed a motion to quash Senator Uresti's deposition. Sometime after Senator Uresti failed to appear for the deposition, Mackie filed a motion to compel Senator Uresti to appear at deposition and for sanctions.[2] The motion asserted, "In determining the issue of a legislative continuance, the Court is permitted to go behind Mr. Uresti's affidavit to ascertain facts and act upon its findings in the exercise of its discretion. *DeVries v. Taylor*, 505 S.W.2d 780 (Tex. 1973)." The motion requested the court to compel Senator Uresti "to appear for a deposition so that he can be interrogated about matters stated in the affidavit attached to his motion for legislative continuance and related to his retention by defendants." The motion requested the trial court to impose the expenses of obtaining an order compelling the relief as sanctions, but further stated, "This Court has inherent power to sanction for abuse of the judicial process, even if the conduct at issue

---

[2] The original legislative session was on-going throughout May 2009.

does not violate a specific rule or statute. *Broesche v. Jacobson*, 218 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2007)."

On May 12, 2009, the trial court signed an order denying the motion for legislative continuance. On July 29, 2009, the trial court granted the motion to compel Senator Uresti's deposition.[3] The trial court ordered Senator Uresti to make himself available for a deposition as soon as possible. The trial court's order stated that no sanctions were ordered "at this time" but the court "may consider same in the future."

Mackie subsequently filed a second motion to compel and for sanctions. The motion asserted that Senator Uresti had failed to respond to correspondence and phone calls regarding a deposition date in contravention of the trial court's order. The motion requested sanctions for Senator Uresti's alleged abuse of the discovery process. A hearing was set on the motion to compel and for sanctions on August 11, 2009. We granted a motion for emergency stay and stayed the hearing pending our resolution of this original proceeding.

## DISCUSSION

Section 30.003(d) of the Code requires a party seeking a legislative continuance to file an affidavit which constitutes proof of the necessity for a continuance. TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(d) (Vernon 2008). Section 30.003(d) expressly provides, "The affidavit need not be corroborated." *Id*.

Section 30.003(e) provides, "If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the

---

[3] The special legislative session ended the first week of July 2009.

preparation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section." *Id*. at § 30.003(e).  In *DeVries v. Taylor*, the Texas Supreme Court stated that it was proper for the trial court to ascertain the date the attorney was retained in order to determine the applicability of the statute.  505 S.W.2d 780, 781 (Tex. 1973); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(c) (Vernon 2008) (continuance is mandatory in civil cases unless legislator/attorney is employed on or after the 30th day before the date on which the suit is set for trial).  In *In re CNA Holdings, Inc.*, however, the Beaumont court rejected an argument that the trial court could have found insufficient factual support for the motion for continuance, stating, "Pursuant to the express terms of the statute, however, the affidavit is proof of the necessity for a continuance, and no corroboration was required for Representative Capelo's affidavit.  The affidavit complied with the requirements of Section 30.003 and was not controverted; therefore, the legislative continuance is mandatory." 102 S.W.3d 280, 282 (Tex. App.—Beaumont 2003, orig. proceeding) (citations omitted).  Similarly, in *Amoco Production Co. v. Salyer*, the Corpus Christi court rejected an argument that the trial court should consider evidence that the legislator's participation was a sham to delay justice in determining whether to deny the legislative continuance.  814 S.W.2d 211, 213 (Tex. App.—Corpus Christi 1991, orig. proceeding).  The court asserted, "The statute is mandatory if a party or its attorney is a member of the legislature while it is in session.  It is not relevant whether the attorney is necessary to the party or the extent of the legislator's participation in the lawsuit.  The addition of such conditions to the statutory right of continuance is properly a matter for the legislature." *Id*.

In his response to the mandamus petition, Mackie asserts that the deposition in this case does not relate to the trial court's ruling on the motion for continuance because the motion had already been denied. Rather, Mackie contends the deposition relates to a pending motion for sanctions.

Mackie cites *Broesche v. Jacobson*, as support for his ability to seek sanctions for a "sham" legislative continuance. 218 S.W.3d 267, 276-77 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). In *Broesche*, the trial court did partially base the sanctions it imposed on evidence that a legislator/attorney was hired for the purpose of delay. 218 S.W.3d at 276. Even though the filing of the motion for continuance complied with the statute, the Houston court held that the trial court could impose sanctions if the motion was filed for purposes of delay making it frivolous under Rule 13. *Id*. The Houston court further noted that courts have inherent power to sanction for abuse of judicial process, and this inherent power also justified the sanctions. *Id*. *Broesche* is, however, readily distinguishable from the instant case because the trial court found at least twenty-six bases to sanction the party, 218 S.W.3d at 275, whereas the only basis asserted in the motion for sanctions in this case is the request for the legislative continuance which Mackie alleges was a sham.

In 2003, the Texas Legislature passed an amendment to § 30.003, adding § 30.003(g), which provides:

> If the attorney for the party seeking a continuance under this section is a member or member-elect of the legislature, the attorney shall file a copy of the application for a continuance with the Texas Ethics Commission. The copy must be sent to the commission not later than the third business day after the date on which the attorney files the application with the court.

TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(g) (Vernon 2008). The addition of this subsection arose from legislation relating to a sunset review of the Texas Ethics Commission. Tex. H.B. 1606,

78th Leg., R.S. (2003). As originally proposed, H.B. 1606 would have repealed § 30.003 in its entirety and would have further prohibited the Texas Supreme Court from amending or adopting a rule requiring a court to grant a continuance because an attorney in a civil action is a member of the legislature. *Id.* The House Research Organization's bill analysis of H.B. 1606 stated that supporters of the bill argued:

> Legislative continuances no longer should be tolerated. Court delays should be granted for legitimate reasons, not because a legislator has been hired or added as counsel to a pending case before a legislative session. This blatant manipulation of the judicial system is unfair to parties who cannot or will not engage in it, and it cheapens legislative office. It also discriminates against other professions that do not enjoy similar privileges as attorneys. Making personal gain by virtue of one's office unlawful would extend the same principle to nonlawyers.

House Research Org., Bill Analysis, Tex. H.B. 1606, 78th Leg., R.S. (2003). The bill analysis further noted that opponents of the bill argued:

> Precluding lawyers and other legislators from practicing their professions by representing others before state agencies and abolishing legislative continuances would put the state on a slippery slope toward a legislative plutocracy.

*Id.*

By requiring the filing of a copy of the motion for legislative continuance with the Texas Ethics Commission, it would appear that the Texas Legislature contemplated the imposition of ethical sanctions for abuses. Although the legislative history indicates the Texas Legislature considered the concern for potential abuse of the statute, the rejection of an amendment that would have abolished legislative continuances demonstrates that the Texas Legislature is steadfast in its support of legislative continuances for various policy reasons. As the Texas Supreme Court has stated:

> [A] mandatory legislative continuance "usually serves a dual purpose of encouraging good men and women to sacrifice their time in the interest of good government and of protecting a party to a law suit whose attorney may be serving in the Legislature." Without such a device, a lawyer-legislator could be forced to decide between fulfilling the duty owed to a client and the duty owed to constituents to participate in a legislative session. The consequences of that decision – possibly nonparticipation in a legislative session – could not be remedied on appeal. To give full effect to the Legislature's policy decision regarding legislative continuances, we conclude that a party has no adequate remedy by appeal when a trial court abuses its discretion by denying a motion for legislative continuance.

*In re Ford Motor Co.*, 165 S.W.3d 315, 321-22 (Tex. 2005) (citations omitted). "Enforcing legislative continuances is also consistent with the constitutional protection afforded legislators to attend legislative sessions." *Id*. at 321. This court's willingness to defend the policy decisions of the Texas Legislature in adopting the legislative continuance statute is beyond question. *See In re Reed*, 901 S.W.2d 604 (Tex. App.—San Antonio 1995, orig. proceeding) (holding county court at law judge in contempt of court for refusing to comply with order to grant a legislative continuance). If this court were to hold that a legislator could be forced to respond to questions at a deposition regarding a request for a legislative continuance in an effort to obtain sanctions, our holding would likely impose on legislators the same "forced" decision that the mandatory legislative continuance was designed to eliminate. *See In re Ford Motor Co.*, 165 S.W.3d at 321-22. Knowing that a deposition or sanctions could result from a decision to represent a client would most certainly affect the balance between the legislator's duty to a client or potential client and the legislator's duty to constituents to participate in a legislative session. *See id*.

Under these circumstances, allowing Senator Uresti's deposition to be taken would be contrary to the policies supporting the legislative continuance statute and would impose a burden on Senator Uresti that would make other modes of redress "inadequate." *In re McAllen Medical Center,*

*Inc.*, 275 S.W.3d 458, 467-68 (Tex. 2008).  Accordingly, we conclude the relators do not have an adequate remedy by appeal and that mandamus affords "a more complete and effectual remedy." *Id*.

### CONCLUSION

The trial court abused its discretion in granting the real-party-in-interest's motion to compel Senator Uresti's deposition.  Accordingly, we conditionally grant the writ of mandamus.  The writ will only issue if the trial court fails to withdraw its order within ten days from the date of our opinion and order.

Marialyn Barnard, Justice