Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## OPINION

No. 04-10-00175-CV

**IN RE** Maria Cristina Sada de **BRITTINGHAM,**
Angel Eduardo Marroquin Brittingham, Daniel Milmo Brittingham, and Maria Cristina Lobeira
Brittingham

Original Mandamus Proceeding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed: April 21, 2010

MOTION TO DISQUALIFY COUNSEL GRANTED; ORIGINAL PROCEEDING ABATED
FOR THIRTY DAYS

Real party in interest Kevin M. Mackie, Successor Administrator of the Estate of Juan

Roberto Brittingham-McLean, Deceased, has moved to disqualify former Fourth Court of Appeals

Justice Sarah Duncan and all of the members of her law firm, Locke Lord Bissell & Liddell LLP,

from representing relators Maria Cristina Sada de Brittingham, Angel Eduardo Marroquin

Brittingham, Daniel Milmo Brittingham, and Maria Cristina Lobeira Brittingham in this original

proceeding.  The basis asserted for the disqualification is the undisputed fact that Duncan served as

a participating justice on the panel in *Tijerina v. Mackie*, No. 04-05-00213-CV, 2006 WL 397936

---

[1] This proceeding arises out of Cause No. 2000-PB-7000049-L1, in the County Court at Law No. 1, Webb
County, Texas, the Honorable Alvino "Ben" Morales presiding.

(Tex. App.—San Antonio 2006, no pet.) (affirming two trial court orders appealed from the same ancillary probate proceeding from which the instant proceeding arises).

Duncan asserts she and her firm should not be disqualified because: (1) the motion to disqualify does not establish a violation of Texas Disciplinary Rule of Professional Conduct 1.11(a); (2) Mackie consented to Duncan's representation of relators; and (3) Mackie must establish prejudice and has failed to do so. We disagree with relators' contentions and grant the motion to disqualify.

## ANALYSIS

### A.  Violation of Texas Disciplinary Rule of Professional Conduct 1.11

Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *See In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (orig. proceeding) (per curiam); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). As a result, courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *See In re Nitla*, 92 S.W.3d at 422 (citing *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)). We look to the disciplinary rules to decide disqualification issues, but the disciplinary rules are merely guidelines and not controlling standards for motions to disqualify. *Id.*

Texas Disciplinary Rule of Professional Conduct 1.11 provides in relevant part as follows:

> (a)  A lawyer shall not represent anyone in connection with a matter in which the lawyer has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official or law clerk to an adjudicatory official, unless all parties to the proceeding consent after disclosure.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). Relators acknowledge Duncan

participated personally and substantially as an adjudicatory official in *Tijerina.  See Tijerina*, 2006 WL 397936.  However, relators contend Duncan and her firm are not disqualified from representing relators under Rule 1.11(a) because the original proceeding before this court and *Tijerina* are not the same "matter" as required for disqualification under the rule.  *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(a).

This is an issue of first impression in this court and we are aware of no other Texas court that has considered this issue.  Rule 1.11 does not define the term "matter," but the comment to Rule 1.11 provides that this rule generally parallels Rule 1.10.  *See id.* cmt. 1.  Rule 1.10(f)(1)-(2) defines the term "matter" as follows:

> (1) Any adjudicatory proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge accusation, arrest or other similar, particular transaction involving a specific party or parties; and
> (2) any other action or transaction covered by the conflict of interest rules of the appropriate government agency.

*Id.* 1.10(f)(1)-(2).  Relators contend the definition of "matter" in Rule 1.10(f)(1) is completely circular in the context of appeals because appeals and original proceedings are both: (1) a part of the larger "adjudicatory proceeding" in the trial court; and (2) separate "adjudicatory proceedings" in the appellate court.  Relators further assert an adjudicatory proceeding in the appellate court frequently involves discrete parties and issues even though it arises out of a larger trial court "adjudicatory proceeding."  Therefore, relators conclude a "matter" can only mean a discrete appeal or original proceeding.  We disagree.

The definition of "matter" in Rule 1.10(f)(1) includes a "similar, particular transaction involving a specific party or parties."  *See id*.  The underlying case giving rise to this original proceeding is an ancillary probate proceeding that has been ongoing since 2000.  To date, fourteen

appeals and original proceedings have been filed in this court, all arising out of the same ancillary

probate proceeding in Trial Court Cause No. 2000-PB-7000049-ll.[2]

Furthermore, probate proceedings are different from other proceedings in that there is a need

to review controlling, intermediate decisions before an error can harm later phases of the proceeding.

*See Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.— Austin 2000, pet. denied); *see also In re*

*Estate of Padilla*, 103 S.W.3d 563, 565-66 (Tex. App.—San Antonio 2003, no pet.). One probate

proceeding consists of a continuing series of events in which the probate court will make decisions

at various points in the administration of the estate on which later decisions will be based. *Id.* As

a result, multiple orders are entered on certain discrete issues and are final and appealable. *See De*

*Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Nonetheless, these discrete appealable issues

arise from one probate proceeding.

---

[2] *See In re Brittingham*, No. 04-10-00175-CV (filed Feb. 25, 2010) (discovery post-judgment); *Brittingham-Sada v. Mackie*, No. 04-09-00810-CV (filed Dec. 17, 2009) (appeal from judgment in favor of estate); *In re Estate of Brittingham-McLean*, No. 04-09-00238-CV (filed April 23, 2009) (appeal from order approving claim of Juan R. Brittingham Aguirre); *In re Brittingham-Sada*, No. 04-09-00489-CV, 2009 WL 3296516 (Tex. App.—San Antonio Oct. 14, 2009, orig. proceeding) (motion to compel deposition of legislator regarding legislative continuance); *In re Brittingham-Sada*, No. 04-09-00488-CV, 2009 WL 2568341 (Tex. App.—San Antonio Aug. 19, 2009, orig. proceeding) (per curiam) (mem. op.) (motion to strike intervention of Tijerina); *In re Brittingham-Sada*, No. 04-09-00480-CV, 2009 WL 2517110 (Tex. App.—San Antonio Aug. 12, 2009, orig. proceeding) (per curiam) (mem. op.) (motion to strike intervention of Tijerina ); *In re Brittingham-Sada*, No. 04-08-00688-CV, 2009 WL 263361 (Tex. App.—San Antonio Feb. 4, 2009, orig. proceeding [mand. denied]) (per curiam) (mem. op.) (forum nonconveniens); *Global Fin. Servs., L.L.C. v. Estate of McLean*, No. 04-07-00627-CV, 2008 WL 372521 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (mem. op.) (arbitration); *Global Fin. Servs., L.L.C. v. Estate of McLean*, Nos. 04-04-00854-CV & 04-05-00074-CV, 2007 WL 1759940 (Tex. App.—San Antonio June 20, 2007, no pet.) (mem. op.) (arbitration and plea in abatement); *Tijerina v. Mackie*, No. 04-05-00213-CV, 2006 WL 397936 (Tex. App.—San Antonio Feb. 22, 2006, no pet.) (mem. op.) (jurisdiction; appointment of Mackie as successor administrator; bond set for Mackie; and contingent fee contract between Mackie and law firm representing him in his capacity as administrator); *In re Ayala*, No. 04-01-00234-CV, 2006 WL 2682222 (Tex. App.—San Antonio Sept. 20, 2006, orig. proceeding) (per curiam) (mem. op.) (motion to quash subpoena); *Ayala v. Mackie*, 158 S.W.3d 568 (Tex. App.—San Antonio 2005, pet. denied) (appointment of successor administrator); *Brittingham-Sada de Powers v. Ancillary Estate of Brittingham-McLean*, 158 S.W.3d 518 (Tex. App.—San Antonio 2004, pet. denied) (personal jurisdiction); *Ayala v. Brittingham*, 131 S.W.3d 3 (Tex. App.—San Antonio 2003), *rev'd*, *De Ayala v. Mackie*, 193 S.W.3d 575 (Tex. 2006) (admission of will to probate and appointment of executrix).

We conclude the term "matter" in Rule 1.11(a) in the appellate context includes a "similar, particular transaction involving a specific party or parties," and in this particular case the "matter" is the ancillary probate proceeding and not each discrete appeal or original proceeding. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.10(a) & 1.11(a). We conclude Duncan is representing relators "in connection with a matter in which [she] has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official or law clerk to an adjudicatory official." *See id.* 1.11(a).

**B.      Consent**

Because we hold that this original proceeding involves a matter in which Duncan participated personally and substantially as an adjudicatory official, Duncan and her firm are disqualified from representing relators unless "all parties to the proceeding consent[ed] after disclosure." *See id.* 1.11(a). Relators contend Mackie's counsel has known of Duncan's representation of relators since they filed Appellants' Brief in Cause No. 04-09-00238-CV on November 23, 2009. We hold that simply listing Duncan on a brief in an appellate proceeding is not a proper "disclosure" of the conflict under Rule 1.11(a). Within the context of Rule 1.11(a), a disclosure requires the lawyer to inform the party that she participated in the matter personally and substantially as an adjudicatory official. The mere listing of an attorney in the signature block of an appellate brief does not constitute such a disclosure.

Relators contend Mackie's counsel consented to the representation when he informed relators' former counsel he did not oppose the motions to substitute Duncan and her firm as counsel for relators in Cause Nos. 04-09-00238-CV and 04-09-00810-CV. The motions to substitute were filed on February 25, 2010 and are still pending. Mackie responds that he was unaware Duncan was

on the panel in *Tijerina* until March 2, 2010 when he reviewed this court's opinion that listed Duncan as a justice participating on the panel. Although the affidavit from relators' former counsel does state that Mackie did not oppose the motions to substitute, the affidavit does not establish that Duncan's participation in *Tijerina* was disclosed to Mackie or his counsel when Mackie stated he would not oppose the substitution. Therefore, relators failed to establish that Mackie "consent[ed] after disclosure." *See id.* 1.11(a).

## C.    Prejudice

Relators next assert Mackie must establish he has been prejudiced in order for disqualification to be required under Rule 1.11(a). *See In re Sanders*, 153 S.W.3d at 57; *In re Nitla*, 92 S.W.3d at 422. We disagree. *In re Sanders* involved the disqualification of a lawyer under Rule 3.08(a) based on the assertion that the lawyer would be serving in dual roles as an advocate and a witness. *See* 153 S.W.3d at 57. The comment to Rule 3.08 specifically provides that the rule "may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10. The Court determined that a "party requesting disqualification [under Rule 3.08(a)] must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice." *In re Sanders*, 153 S.W.3d at 57 (citing *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (holding a showing of prejudice is required when disqualification is sought based on a lawyer's dual roles as attorney and witness)).

*In re Nitla* involved a motion to disqualify the lawyer on the basis that the lawyer reviewed privileged documents he received from the trial court. *See* 92 S.W.3d at 422. The Court concluded

there were no disciplinary rules or prior cases that provided guidance, and instead set out a test that included the requirement that the party seeking disqualification show prejudice. *Id.*

These cases are distinguishable from the case at hand because unlike *In re Nitla*, Rule 1.11 provides this court with guidance, and unlike *In re Sanders*, neither the rule nor the comment provides that the party seeking disqualification must show prejudice. To require the party seeking disqualification under Rule 1.11 to show prejudice would likely place an unattainable burden on that party because the party seeking disqualification does not know what insight an adjudicatory official has gained about the underlying case. In this case, Mackie would not be privy to discussions in which Duncan may have participated as a panel member in *Tijerina. See Tijerina*, 2006 WL 397936. *Tijerina* "was the fourth appeal [and fifth proceeding] to [the Fourth] Court," and stated that "[t]o understand where we are today, a brief review of the history of this case is necessary." *See Tijerina*, 2006 WL 397936, at *1. From this statement, one could infer that the panel reviewed the entire history of the preceding appeals and original proceedings. Requiring Mackie to show that the confidential discussions among appellate court justices prejudiced him would be an impossible burden, and one we do not believe the rule does or should impose.

**D.      Waiver**

Finally, relators contend Mackie waived his complaint by failing to exercise due diligence. *See Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (per curiam); *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (per curiam); *see also In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337-38 (Tex. 1999) (Baker, J., concurring). Relators again rely on their assertion that Duncan first appeared in this court on November 23, 2009 with the filing of Appellants' Brief in Cause No. 04-09-00238-CV. Again, we cannot say this was a proper disclosure that would place

the burden on Mackie to pursue disqualification of Duncan at that time. As a result, we conclude Mackie did not waive his right to seek the disqualification of Duncan and her firm.

**E.      Disqualification of Firm**

Having determined Duncan must be disqualified from further representation of relators in this original proceeding, we now turn to whether Locke Lord Bissell & Liddell LLP can continue representation of relators. Rule 1.11(c) provides an avenue by which a firm can continue to represent a party even if a lawyer at that firm is disqualified from representing the party. The Rule provides:

> (c) If paragraph (a) is applicable to a lawyer, no other lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:
>
> > (1) the lawyer who is subject to paragraph (a) is screened from participation in the matter and is apportioned no part of the fee therefrom; and
> >
> > (2) written notice is promptly given to the other parties to the proceeding.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(c). However, the parties do not dispute that Duncan and her firm have not complied with Rule 1.11(c). Therefore, Locke Lord Bissell & Liddell LLP is also disqualified from further representation of relators in this original proceeding.

## CONCLUSION

As a result of the foregoing, we grant Mackie's motion to disqualify Duncan and Locke Lord Bissell & Liddell LLP from further representation of relators in this original proceeding. Therefore, we abate the original proceeding for thirty days to allow relators to obtain new counsel.

Catherine Stone, Chief Justice