

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32542 |
| | ) | |
| DANNY K. THOMAS, | ) | **Filed: February 14, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable John R. LePage, Associate Circuit Judge

## AFFIRMED

This is a direct appeal from criminal convictions for second-degree murder and armed criminal action. Danny K. Thomas ("Defendant") argues the trial judge plainly erred in denying Defendant's motion seeking a change of judge for cause. Defendant's argument is without merit, and his convictions and sentences are affirmed.

## Standard of Review

Defendant did not obtain a ruling on his motion for change of judge, and he did not include this claim in his motion for new trial. Consequently, the claim is not preserved for review. *See **State v. Bryant**, 362 S.W.3d 46, 50 (Mo. App.*

S.D. 2012).  Under Rule 30.20,[1] "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."  Rule 30.20.  Plain error review involves a two-step analysis.  ***State v. Smith***, 293 S.W.3d 149, 151 (Mo. App. S.D. 2009).  First the appellate court determines whether the trial court committed "evident, obvious, and clear error affecting the defendant's substantial rights[.]"  ***Id.***  Only where such error appears will the appellate court move on to the second step, during which the appellate court considers whether "such plain error actually result[ed] in manifest injustice or a miscarriage of justice[.]"  ***Id.***

### Factual and Procedural Background

Defendant shot and killed his sister's fiancé.  Defendant was charged with first-degree murder and armed criminal action.  He was arraigned and pled not guilty on September 12, 2011.  Defendant made a first motion for change of judge pursuant to Rule 32.07(b) on September 20, 2011, which was sustained on October 17, 2011.[2]  Defendant filed a subsequent motion for change of judge on December 5, 2011.  In that motion, Defendant made the following allegations:

> 3.  Defendant respectfully submits that the following issue could cause ". . . an onlooker [to] . . . reasonably question whether . . . " Judge LePage is impartial:  a) a social relationship with the longtime paramour of the deceased, Velda [sic] Rideout, who is a witness in this case.
>
> 4.  In addition, defendant states Judge LePage presided over a civil suit filed against him and entered a judgment in favor of the plaintiff.

[1] All rule references are to Missouri Court Rules (2013).

[2]  Rule 32.07(b) states that "[i]n felony and misdemeanor cases the application must be filled out not later than ten days after the initial plea is entered[,]" which was properly done on the first motion for change of judge.

2

5. Defendant states Judge LePage heard allegations against him and ruled against him in regard to an application for restraining order.

A hearing on the motion was scheduled to take place on January 27, 2012. The docket entry for that date indicates the hearing was cancelled but does not give a reason. The docket sheets do not thereafter reflect a ruling on the motion.

Defendant was tried by a jury. The jury found Defendant guilty of second-degree murder and armed criminal action and recommended sentences of thirteen years and three years respectively. Defendant filed a motion for new trial but did not include a claim regarding his motion for change of judge. The judge overruled Defendant's motion for new trial and sentenced Defendant in accordance with the jury's verdict. Defendant appeals.

## Discussion

Defendant argues the trial court plainly erred when it failed to grant Defendant's motion for change of judge "because the motion raised allegations which would cause the judge's impartiality reasonably to be questioned" as "the motion alleged that (a) the judge was in a social relationship with the longtime paramour of the deceased, who was a witness; (b) the judge presided over a civil suit against appellant and ruled against him; and (3) [sic] the judge heard allegations against appellant and ruled against him in regard to an application for restraining order." This argument is without merit.

As Defendant's first motion for change of judge was properly sustained under Rule 32.07, his second motion for change of judge is governed by Rule 32.09. Under Rule 32.09(c) nothing prohibits a judge from ordering a change of judge "when fundamental fairness so requires[.]" Rule 32.09(c). "The rule is not

3

limited to actual prejudice and also requires recusal when 'a reasonable person would have factual grounds to find an appearance of impropriety and doubt the impartiality of the court.'" *Anderson v. State*, 402 S.W.3d 86, 91 (Mo. banc 2013) (quoting *State v. Smulls*, 935 S.W.2d 9, 17 (Mo. banc 1996)). However, "[a] 'disqualifying bias or prejudice must be one emanating from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learns from participation in the case.'" *Burgess v. State*, 342 S.W.3d 325, 328 (Mo. banc 2011) (quoting *Haynes v. State*, 937 S.W.2d 199, 202 (Mo. banc 1996)). Furthermore, "[t]here is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial.'" *Id.* (quoting *Worthington v. State*, 166 S.W.3d 566, 579 (Mo. banc 2005)).

None of the allegations in Defendant's motion for change of judge, even if true, would create an appearance of impropriety. As for Defendant's suggestion that the judge should have granted the motion because the judge had a social relationship with a witness, the general rule is that "[a]n acquaintanceship between a judge and a victim is not a basis for requiring the judge to disqualify." *State v. Fortner*, 84 S.W.3d 507, 513 (Mo. App. S.D. 2002) (quoting *State v. Ayers*, 911 S.W.2d 648, 651 (Mo. App. S.D. 1995)). There was no indication that the judge's relationship in this case was anything more than a mere acquaintanceship.

Defendant's remaining two allegations involve the judge's adverse rulings against Defendant in other, unrelated court actions. However, "[s]ituations where a judge has made adverse rulings against an individual or where there has

4

been previous contact between a judge and a criminal defendant are not an unusual event in the crowded schedules of trial judges and does not necessarily establish bias." *State v. Reeter*, 848 S.W.2d 560, 564 (Mo. App. W.D. 1993). Thus, "Missouri courts have consistently held that a judge's prior contacts with the defendant or with the underlying proceeding[s] themselves or with the fact that the court made adverse rulings against the defendant in a prior proceeding do not necessitate disqualification." *Id.* at 565. Defendant's allegations did not warrant relief.

As there is no evident, obvious, and clear error, this Court need not consider whether there was manifest injustice or a miscarriage of justice. The trial court did not plainly err in failing to grant Defendant's motion for change of judge. Defendant's sole point is denied.

### Decision

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. - OPINION AUTHOR

GARY W. LYNCH J. - CONCURS

DON E. BURRELL, J. - CONCURS

5