

# Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00488-CV

**IN RE** Jaclyn **MONROE**

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 4, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Jaclyn Monroe ("Monroe") asserts the trial court abused its discretion when it disqualified her attorney from representing her in the underlying enforcement proceedings. We agree and conditionally grant relator's petition for writ of mandamus.[2]

## BACKGROUND

In the underlying matter, real party in interest Andrew Alford ("Alford") has filed a motion to enforce the possession and access terms of a 2023 order in a suit to modify parent-child relationship (the "2023 Order"), against Monroe (Alford' ex-wife). In that motion, Alford asserts

---

[1] This proceeding arises out of Cause No. 2016-CI-15592, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

[2] This court requested responses from the real party in interest and the respondent, but neither submitted a response.

that Monroe has failed, multiple times, to surrender their children to Alford for his periods of possession under the 2023 Order. On May 9, 2024, Alford filed a motion to disqualify Monroe's attorney, Jacob S. Leibowitz ("Leibowitz"), from representing Monroe in the enforcement proceeding. Alford asserts that Leibowitz, who is also Monroe's current husband, is a material witness to contested issues in the enforcement action.[3] Alford asserts that pursuant to Texas Disciplinary Rule 3.08(b), Leibowitz should be disqualified because his testimony is necessary to the proceeding and could be adverse to his own client, Monroe.

At the ensuing hearing, Alford's counsel asserted that on October 6, 2023, and November 17, 2023, Leibowitz was present and refused to surrender the children to Alford. Alford's counsel stated that he would be calling Leibowitz as a fact witness in the enforcement action regarding these two alleged violations of the 2023 Order. Purportedly, Leibowitz would be compelled to testify about Monroe's reasons for denying Alford the children on those occasions and, because his testimony could be adverse to his wife (against whom the enforcement proceeding was brought), Leibowitz should be disqualified. Alford presented no evidence in support of his motion during the hearing.

In response, Leibowitz argued that he did not intend to testify on behalf of Monroe at the enforcement hearing and had never been informed that Alford intended to call him as a witness. Additionally, he stated that his testimony was not necessary to establish an essential fact on behalf of Monroe. Leibowitz argued that Alford had not established what testimony he would provide that would be adverse to Monroe and even if his testimony could be adverse to Monroe, she had consented to his continued representation.[4] Finally, Leibowitz argued that Alford had not

---

[3] Alford asserted other bases for disqualification in his motion, but abandoned those theories during the hearing, acknowledging that he had not brought evidence to present in support of those bases.

[4] This representation was not challenged by Alford's counsel, who admitted during the hearing that "he may have consent after full disclosure." Additionally, Monroe's motion for reconsideration included a sworn declaration in

demonstrated he would suffer any prejudice if Leibowitz testified while continuing to serve as Monroe's attorney. On June 10, 2024, the trial court entered an order granting the motion to disqualify.

### REQUIREMENTS FOR GRANTING A WRIT OF MANDAMUS

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). "A trial court also abuses its discretion if it fails to analyze or apply the law correctly." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Garza*, 373 S.W.3d 115, 117 (Tex. App.—San Antonio 2012, orig. proceeding) (citing *Sanders*, 153 S.W.3d at 56).

### APPLICABLE LAW

"Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings." *In re de Brittingham*, 319 S.W.3d 95, 98 (Tex. App.—San Antonio 2010, orig. proceeding) (citing *Sanders*, 153 S.W.3d at 57). "The fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *Sanders*, 153 S.W.3d at 57 (citation omitted). "Therefore, in considering and deciding a motion to disqualify counsel, the trial court must 'strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic.'" *In re Hormachea*, No. 04-04-00581-CV, 2004 WL 2597447, at *1 (Tex. App.—San Antonio Nov. 17, 2004, orig.

---

which Monroe states "[s]hould Jacob Leibowitz need to testify in either proceeding, I am fully informed about what his testimony could be and consent to his representation of me while also being a witness."

proceeding) (mem. op.) (quoting *Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)). "Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules." *Spears*, 797 S.W.2d at 656 (citation omitted).

## ANALYSIS

Monroe contends the trial court abused its discretion in disqualifying Leibowitz because Alford presented no evidence in support of his motion to disqualify and because her consent to Leibowitz's ongoing representation negates disqualification under Texas Disciplinary Rule 3.08(b). We agree and hold the trial court abused its discretion when it disqualified Leibowitz.

The Disciplinary Rules, although not controlling in disqualification decisions, provide guidelines relevant to a disqualification determination. *See Sanders*, 153 S.W.3d at 56. Disciplinary Rule 3.08(b) states as follows:

> A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(b). "To justify disqualification under Rule 3.08(b), the movant must establish the lawyer's testimony is 'required for the movant's claim or defense and prejudicial to the interests of the testifying attorney's client.'" *In re Escobedo*, No. 04-98-00928-CV, 1999 WL 33415, at *1 (Tex. App.—San Antonio Jan. 27, 1999, orig. proceeding) (alterations omitted) (quoting *Olguin v. Jungman*, 931 S.W.2d 607, 611 (Tex. App.—San Antonio 1996, no writ).

Because Alford did not present any evidence in support of his motion to disqualify, we find the trial court could not have reasonably concluded testimony from Leibowitz was required to establish an essential element (because evidence for this element is unavailable from any other source), the testimony to be compelled from Leibowitz would be adverse to Monroe, or that Alford

would be prejudiced if Leibowitz testified and continued to represent Monroe. Because Alford presented no evidence in support of his motion to disqualify Leibowitz, it was an abuse of discretion for the trial court to grant the motion. *See In re Tips*, 341 S.W.3d 30, 33 (Tex. App.— San Antonio 2010, orig. proceeding) (concluding the trial court abused its discretion by disqualifying attorney when movant "failed to present evidence of actual prejudice"); *In re Stone*, No. 14-13-00311-CV, 2013 WL 1844267, at *2 (Tex. App.—Houston [14th Dist.] Apr. 19, 2013, orig. proceeding) (mem. op.) ("Because there was no evidence the attorney's testimony is necessary to establish an essential fact, and no evidence that actual prejudice would result if the attorney does testify as a fact witness, we find the trial court abused her discretion in granting the motion to disqualify."); *In re Lavizadeh*, 353 S.W.3d 903, 904 (Tex. App.—Dallas 2011, orig. proceeding) ("The trial court, having been presented no evidence of the necessity of [attorney] Turner's testimony, could not have reasonably concluded that Turner's testimony was necessary to establish an essential fact of the other relators' case.").

Alford has simply announced the intention to call Leibowitz as a witness. He has stated that Leibowitz is a material witness to two alleged violations of the 2023 Order, but he has not established that Leibowitz's testimony is "required" to establish either violation. Leibowitz's testimony is not required or essential to establish whether the children were surrendered to Alford on October 6, 2023, and November 17, 2023, as Alford can testify to that himself. *See, e.g.*, *Hormachea*, 2004 WL 2597447, at *2 (attorney's participation in allegedly defamatory press conference was not enough to prove his testimony was "necessary" or "essential" in defamation suit).

Instead, Alford's sole ground for urging Leibowitz's disqualification is that he would be called to testify about ***why*** he and Monroe denied Alford the children on two occasions:

[H]e is going to be compelled to talk about why he denied Mr. Alford the children as an excuse or non-excuse to why his wife didn't leave the children out there. Did not allow my client to take the children on October the 6th and again on November – I believe 17th, 2023.

Yet Alford fails to show how such testimony is necessary to establish an essential element of his enforcement allegations. Nor does he show that evidence on this element is unavailable from any other source such that Leibowitz's testimony would be required. *See Garza*, 373 S.W.3d at 118 ("[D]isqualification is inappropriate under Rule 3.08 when opposing counsel merely announces their intention to call the attorney as a fact witness without establishing both a genuine need for the attorney's testimony and that the testimony goes to an essential fact.") (citing *In re A.M.*, 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.); *Sanders*, 153 S.W.3d at 57 ("'Mere allegations . . . or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice' to merit disqualification.") (alteration omitted) (quoting *Spears*, 797 S.W.2d at 656).

Moreover, had Alford made that evidentiary showing, it would still have been an abuse of discretion to disqualify Leibowitz because Monroe consented to the representation.[5] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(b) ("A lawyer shall not continue as an advocate . . . *unless the client consents after full disclosure*.") (emphasis added).

Even if Alford had established a violation of Texas Disciplinary Rule 3.08(b), it was still an abuse of discretion to grant the motion to disqualify because Alford did not establish that he would suffer actual prejudice if Leibowitz testified and continued to represent Monroe in this enforcement proceeding. *See Sanders*, 153 S.W.3d at 57 ("[T]he party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice.") (citing *Ayres*, 790 S.W.2d at 558); *Tips*, 341 S.W.3d at 33 (concluding the trial

---

[5] *See*, *supra*, note 4 and accompanying text.

court abused its discretion by disqualifying attorney when movant "failed to present evidence of actual prejudice").

## CONCLUSION

Based on the foregoing, we conclude the trial court abused its discretion when it disqualified Leibowitz from representing Monroe in the underlying enforcement action. Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate its June 10, 2024 order granting Alford's motion to disqualify. The writ will issue only if the trial court fails to vacate this order within fifteen days from the date of our opinion and order.

PER CURIAM