### In the ESTATE OF Mauro PADILLA.

### No. 04–02–00363–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 2003.

---

Pascual Madrigal, The Law Office of Pascual Madrigal, San Antonio, for Appellant.

Jeff Small, San Antonio, Donald L. Wright, Castroville, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

PER CURIAM.

Appellee Martha Padilla Sandoval, Independent Executrix of the Estate of Mauro Padilla, moves to dismiss this appeal for lack of jurisdiction, arguing that Appellant Eva Padilla Moore's notice of appeal was untimely filed. Moore, the former executrix, responds that her notice of appeal

was not untimely because she had no notice of the Decree of Partition and Distribution. Moreover, Moore responds that the Decree of Partition and Distribution is not a final appealable judgment. Because we have no jurisdiction over this appeal, we grant Sandoval's motion to dismiss and dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On November 17, 1989, Eva Padilla Moore filed an application for probate of will and issuance of letters testamentary in the county court of Val Verde County. The case was assigned cause number 4321. A year later, Salvador Padilla filed an application to remove Moore as the independent executrix and moved to transfer the cause to the county court at law. The motion was granted and an order was entered transferring cause number 4321 to the county court at law. The order directed the clerk of the court "to transfer the entire file of Cause No. 4,321" to the county court at law. Although the entire cause was transferred,[1] the pleadings in the county court at law added a "C" to the cause number, "4321–C." The application to remove Moore was settled by Moore resigning as Independent Executrix. On June 30, 1992, Martha Padilla Sandoval was appointed Independent Executrix of the Estate of Mauro Padilla.

On December 28, 1993, Sandoval, as independent executrix, filed an original petition in the county court at law, cause number 4321–C, alleging that Moore misappropriated property and funds of the estate. On August 22, 2001, the county court at law heard the Application for Partition and Distribution of the Estate of Mauro Padilla, Deceased. Moore an-

nounced not ready and moved for a continuance. The trial court denied her motion for continuance and trial proceeded. The merits of Sandoval's allegations against Moore were presented at trial. The trial court found that during the period that Moore was independent executrix, she misappropriated estate property and funds. According to the Decree of Partition and Distribution:

> [Moore] commingled estate funds with her personal funds, failed to keep accurate records of income and expenditures, misapplied money for her own personal benefit, purchased real property with estate funds and placed the property in her name, failed to file the necessary tax returns for the estate and has caused waste and expenditures of a nature unnecessary.

The decree orders Moore to pay monetary damages and the property she bought to be sold. Additionally, the decree names the persons entitled to a share of the estate and the percentage of the estate to which they are entitled. Moore

## FINAL JUDGMENT

■ We first address whether the Decree of Partition and Distribution is a final appealable judgment. An appealable order in a probate proceeding need not be one which fully and finally disposes of the entire probate proceeding. *Crowson v. Wakeham*, 897 S.W.2d 779, 781–82 (Tex. 1995); *Ayala v. Brittingham*, — S.W.3d ——, ——, No. 04–01–00204–CV, 2002 WL 383978, at *2 (Tex.App.-San Antonio 2002, no pet. h.). A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the

---

1. Moore argues that the judgment at issue here, the Decree of Partition and Distribution, is not final because there is no order consolidating Cause No. 4321 and Cause No. 4321–

C. The Order, however, transferred Cause No. 4321 to the County Court at Law; it did not transfer only a part of the case.

estate on which later decisions will be based. *Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied); *Ayala,* at ——, 2002 WL 383978, at *2. The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify modifying the "one final judgment" rule. *Logan,* 21 S.W.3d at 688; *Ayala,* at ——, 2002 WL 383978, at *2.

■ In *Crowson,* the Texas Supreme Court noted that, in determining whether an order is appealable, it is important that a party's substantial rights be adjudicated. *Crowson,* 897 S.W.2d at 782–83; *see also In re Loveless,* 64 S.W.3d 564, 569 (Tex. App.-Texarkana 2001, no pet.). However, the court also concluded that of equal importance is the requirement that the order dispose of all issues in the phase of the proceeding for which it was brought. *Crowson,* 897 S.W.2d at 783; *see also In re Loveless,* 64 S.W.3d at 569. The court then outlined the following test for determining finality of an order in a probate case:

> If there is an express statute, such as the one [in this case] for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding

raise issues or parties not disposed of, then the probate order is interlocutory. *Crowson,* 897 S.W.2d at 783. Here, there is no express statute that controls. Thus, the question becomes whether the order at issue "disposed of each issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of that phase of the proceeding." *Logan,* 21 S.W.3d at 688.

The decree orders that Moore pay damages for her wrongful acts, and it orders the property she purchased with estate funds to be sold. The county court at law addressed all the relief requested by Sandoval against Moore for misappropriation. Moreover, the decree identifies the persons entitled to a share of the estate and the percentage of the estate to which they are entitled.[2] We, therefore, hold that the Decree of Partition and Distribution was a final appealable judgment. *See In re Mitchell,* 20 S.W.3d 160, 161 (Tex.App.-Texarkana 2000, no pet.) (holding order for partition of property is final).

## LATE NOTICE OF APPEAL

■ The decree was signed on January 16, 2002. Moore filed a timely motion for new trial on February 15, 2002. Her deadline, therefore, for filing her notice of appeal was April 16, 2002. *See* TEX.R.APP. P. 26.1(a)(1). Moore, however, did not file her notice of appeal until May 6, 2002, more than fifteen days late. We had pre-

---

2. The decedent's will states that there are eight beneficiaries. One of these beneficiaries, Jose A. Padilla, Jr., is also deceased. The decree identifies twelve people who are entitled to a share of the estate. The additional persons are most likely the decedents of Jose Padilla, Jr. Moore contends that the decree is not final, because it fails to identify by name the heirs of Jose Padilla. We disagree. The decree identifies the names of the persons entitled to a share of the estate. If those persons are not entitled to a share,

Moore could have appealed that issue; this issue, however, does not affect whether the decree is final. Likewise, Moore argues that the decree is not final, because the trial court did not make any findings about the heirs of the decedent's wife, who predeceased him intestate. Similarly, Moore complains about the trial court ordering the estate to pay attorney's fees. These are appealable issues. They do not, however, affect the finality of the decree.

viously granted Moore an extension of time to file her notice of appeal. Texas Rule of Appellate Procedure 26.3, however, only permits us to extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal or files a motion for extension of time to file the notice of appeal. *See* TEX.R.APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). Once the period of granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt*, 959 S.W.2d at 617. We, therefore, withdraw our prior order granting Moore an extension of time to file her notice of appeal.

 Moore contends that even though her notice of appeal was late, we still have jurisdiction because she did not receive notice of the judgment. If a party has no notice of the trial court's judgment, Texas Rule of Appellate Procedure 4.2(a)(1) allows, in some circumstances, additional time for that party to file documents. *See* TEX.R.APP. P. 4.2(a)(1); TEX.R. CIV. P. 306a(3). A party may file a motion to extend postjudgment deadlines under Texas Rule of Civil Procedure 306a at any time within the trial court's plenary jurisdiction. *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex.2001). The trial court's plenary jurisdiction is measured from the date determined under rule 306a(4), that is, "the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing," as long as such date was more than twenty days after the judgment was signed. *Id.* (quoting rule 306a(4)).

Moore, however, did not file a motion to extend postjudgment deadlines under Texas Rule of Civil Procedure 306a during the trial court's plenary jurisdiction. There-

fore, the deadlines for filing her notice of appeal were not extended. Because of Moore's notice of appeal being filed untimely, we are without jurisdiction to hear this appeal.

### CONCLUSION

We dismiss this appeal for lack of jurisdiction.