TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00500-CV






Jonathan Scott Micklethwait, Appellant


v.


Marina Karitznova Micklethwait, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-FM-05-006484, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





O R D E R




 Before the Court are appellee's motion to extend appellate deadlines and appellant's
motion to dismiss appellee's cross-appeal for lack of jurisdiction based on appellee's untimely notice
of appeal. For the following reasons, we deny appellee's motion, and we dismiss appellee's cross-appeal for want of jurisdiction.

 The trial court signed the final decree of divorce on July 20, 2006. Both parties agree
that, in light of appellee's timely filed motion for new trial, the deadline for appellee's notice of
appeal was October 18, 2006--90 days after the judgment was signed. See Finley v. J.C. Pace Ltd.,
4 S.W.3d 319, 320 (Tex. App.--Houston [1st Dist.] 1999, order). Appellee did not file her notice
of cross-appeal until November 3, 2006 because counsel had the mistaken belief that the notice of
appeal was not due until 30 days after the trial court actually ruled on the motion for new trial, which
would have been November 19, 2006.

 Although we may construe a notice of appeal filed within 15 days after the deadline
to include an implied motion for extension of time, see Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997), and rule 26.3 of the Texas Rules of Appellate Procedure allows us to extend the time
for filing a notice of appeal if a party files a motion to extend within 15 days after the original
deadline, neither of these exceptions applies in this situation where appellee filed her notice of
appeal on November 3, 2006--16 days after it was originally due on October 18, 2006. Because the
notice was filed more than 15 days after the original deadline, we have no jurisdiction to consider
appellee's motion to extend appellate deadlines, and we must dismiss appellee's cross-appeal for
want of jurisdiction. See Verburgt, 959 S.W.2d at 617 (Tex. 1997) (holding that once the time for
filing a motion for extension of time under former Tex. R. App. P. 41(a)(2), now rule 26.3, has
passed, a party can no longer invoke the appellate court's jurisdiction); In re Estate of Padilla, 103
S.W.3d 563, 567 (Tex. App.--San Antonio 2003, no pet.).

 Accordingly, we deny appellee's motion to extend appellate deadlines, and we
dismiss appellee's cross-appeal for want of jurisdiction.

 It is so ordered December 20, 2006.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: December 20, 2006