NO. 07-07-0135-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2008
_____

IN THE ESTATE OF CHARLES MARK BERRY, SR., DECEASED
_____

FROM THE PROBATE COURT NO. 1 OF TARRANT COUNTY;

NO. 05-3215-1; HONORABLE STEVE M. KING, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Charles Mark Berry, Jr., as co-independent executor of his father's estate, appeals from an order of the probate court requiring that he turn over to his two sisters, also co-independent executors, a certain sum of estate funds. Finding we are without jurisdiction because the order of which Berry complains is interlocutory and not appealable by statute, we will dismiss the appeal.

Background

Charles Mark Berry, Sr. died testate at age one hundred. His will, with a codicil, was admitted to probate on the application of Berry. In accordance with the codicil, the

testator's three children, Berry and appellees Beverly Jane Douglass and Dixie Lee Boley were appointed co-independent executors without bond. Berry, an attorney licensed to practice in Texas, appeared on his own behalf in probate proceedings while his sisters retained an attorney who filed a notice of appearance in the case.

Berry filed an inventory, appraisment and list of claims valuing the probate estate at $35,850.05. The total included cash assets of $4,750.05, and an estimated income tax refund of $6000. Although not contained in the clerk's record, argument before the probate court indicates appellees also filed an inventory. The record does not include an order approving either inventory but from correspondence contained in the record it appears the competing inventories each drew objections. There is no record indication the probate court has considered the objections.

Appellees subsequently filed a document in the probate court denominated "Application for Turnover Relief." They complained that despite their status as co-executors Berry unilaterally denied them access to "the vast majority of the Estate's assets." They requested an order compelling Berry turn over to them two-thirds of the estate's funds. As grounds for their claim, appellees asserted their equal entitlement to estate assets, the need to pay their attorney, and the desire to prevent a "wasteful drain on Estate assets" caused by expected future requests for funds. In a separate paragraph of the motion, appellees requested attorney's fees according to Probate Code section 245 for "Berry's misdeeds alleged herein."[1]

_____

[1] Tex. Prob. Code Ann. § 245 (Vernon Supp. 2007) (section *inter alia* allows recovery from personal representative of attorney's fees incurred in obtaining personal

2

Berry filed an answer and special exceptions, served written discovery, and sought a jury trial. When the court set the turnover motion for hearing, Berry objected to the setting, moved for a continuance, and filed a plea to the jurisdiction.

On February 6, 2007, the probate court heard the turnover motion along with Berry's motion for continuance and plea to the jurisdiction. The hearing was brief, consuming just over nine pages of the reporter's record. Evidence was not received. After hearing the arguments of the parties, the court verbally denied Berry's motion for continuance and plea to the jurisdiction, ordered "two-thirds of the assets of the estate transferred" to appellees, and ordered mediation of the case. The court made no ruling on appellees' request for attorney's fees.

On February 20, 2007, the court signed an "order for turnover" finding two-thirds of the estate "assets" should be "turned over" to appellees. The decretal section required Berry to deliver $7,236.04 to appellees "payable to the Estate." The order made no mention of the remaining two-thirds of the estate assets nor did it contain a ruling on appellees' request for attorney's fees under section 245. It did, however, memorialize the court's February 6 verbal order compelling mediation.

The record does not contain findings of fact and conclusions of law or evidence of their request. Berry timely noticed an appeal.

---

representative's compliance with neglected statutory duty).

3

Issue

Berry presents three issues on appeal. By cross-point, appellees argue we lack jurisdiction because the trial court's order is interlocutory and not a type for which interlocutory appeal is permitted.[2] It is to the question of our jurisdiction that we turn first.

The Probate Code states "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." Tex. Prob. Code Ann. § 5(g) (Vernon Supp. 2007). Probate proceedings present an exception to the "one final judgment rule,"[3] as "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192 (Tex. 2001) (*citing Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex. 1995)). The Probate Code specifies some probate court orders are final and appealable, but contains no general rule defining a "final order" appealable under section 5(g). *Bozeman v. Kornblit,* 232 S.W.3d 261, 262 (Tex.App.–Houston [1st Dist.] 2007, no pet.). In *Crowson v. Wakeham,* 897 S.W.2d 779 (Tex. 1995), the Supreme Court of Texas adopted the following standard distinguishing final, appealable probate court orders from nonappealable interlocutory orders:

---

[2] We have jurisdiction to consider an immediate appeal of an interlocutory order only if a statute explicitly so provides. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2007) (enumerating permitted appeals from interlocutory orders).

[3] *See* Tex. R. Civ. P. 301 (unless "otherwise specially provided by law" only one final judgment may be rendered in a cause).

4

> if there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

897 S.W.2d at 783; *see Brittingham Sada De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006) (quoting and applying *Crowson*).

No one contends an express probate code provision declares an order like that at issue here is final and appealable. The parties disagree on the ultimate effect of the order, and thus disagree on the phase of this independent administration into which the order falls. Berry contends the order effects a directed distribution of assets of the estate. His reply brief emphasizes that such an order is not permissible in an independent administration until two years have expired from the date of the order appointing the independent executor.[4] Appellees characterize the order as necessary to the performance of their duties as co-independent executors, including the duty to pay attorney's fees incurred in connection with administration of the estate. Their turnover application cited Probate Code section 242 in support of their contention they were entitled to have their attorney's fees paid as administration expenses, and complained that Berry refused to deliver estate funds "for such payment . . . ."

We express no opinion on the proper characterization of the trial court's order. Regardless whether it effects a distribution or simply orders that each of the co-

---

[4] *See* Tex. Prob. Code Ann. § 149B (Vernon 2003).

independent executors have possession of a share of the estate's funds during administration, we find it interlocutory. Berry supports his contention that the order is appealable as a decree of partition and distribution with citation to *In re Padilla*, 103 S.W.3d 563 (Tex.App.–San Antonio 2003, no pet.). In *Padilla* the trial court tried a successor independent executrix's misappropriation claims against her predecessor and heard an application for partition and distribution of the estate. It thereafter entered a decree that the appellate court found addressed all the relief requested for the misappropriation, and identified the persons entitled to a share of the estate and the percentage to which each was entitled. It found the decree was a final appealable judgment. *Id*. at 566. The order at issue here requires Berry to deliver $7,236.04 to appellees. As noted, the record before us contains Berry's inventory valuing the probate estate at $35,850.05. The record also reflects disagreement over the inventory. If the order is one for distribution, it manifestly does not resolve all the issues necessary to achieve finality on the distribution of the estate.

If one accepts appellees' characterization of the order as placing estate assets in their hands to allow them to pay their reasonable and necessary attorney's fees, one must consider that Berry has contended that appellees' attorney has represented them individually and not in their capacity as executors, and that the turnover application was an effort to require him to bear a share of the cost of their attorney's fees. The contentions raise issues not resolved by the court's order, compelling the conclusion it is interlocutory under the test in *Crowson*, 897 S.W.2d at 783.

Moreover, as noted, by their turnover application, appellees also sought attorney's fees incurred as a result of their brother's failure to deliver two-thirds of the estate to them. Whether Berry engaged in conduct justifying an award according to Probate Code section 245 will require evidence of neglect and resulting costs. *Cf. Fillion v. Osborne,* 585 S.W.2d 842, 846 (Tex.Civ.App.–Houston [1st Dist.] 1979, no writ) (dependent administration). As noted also, the probate court did not receive evidence at the hearing, and the order is silent on the issue of appellees' section 245 request for attorney's fees. For this reason also, the turnover order is interlocutory.

We find the order did not dispose of all issues in the phase of the proceeding for which it was brought. *De Ayala,* 193 S.W.3d at 578. We conclude the order is interlocutory, lacking the attributes necessary for appealability under section 5[g]. Moreover, the interlocutory order is not made appealable by statute. Accordingly, expressing no opinion on the propriety of the trial court's "order for turnover," we sustain appellees' cross-point and dismiss the appeal for want of subject matter jurisdiction.


James T. Campbell
Justice


7