*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-08-00868-CV

Robert D. **HENTNIK**,
Appellant

v.

Diane E. **HENTNIK**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 11470
Honorable Joe Frazier Brown, Jr.,[1] Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   February 11, 2009

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final judgment on August 5, 2008. Appellant timely filed a motion for new trial on September 3, 2008. Therefore, the notice of appeal was due to be filed on November 3, 2008, ninety days after the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on November 18, 2008, fifteen days after

---

[1] Sitting by assignment.

the deadline for filing notice of appeal. *See* TEX. R. APP. P. 26.3. Appellant filed his notice of appeal, and a motion for extension of time to file the notice of appeal, on November 25, 2008, after the fifteen-day grace period allowed by Rule 26.3. TEX. R. APP. P. 26.3.

On December 2, 2008, appellee filed a motion to dismiss this appeal for want of jurisdiction. On January 7, 2009, after the clerk's record had been filed, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant responds that he erroneously believed the appellate deadline for perfecting appeal ran from the date his motion for new trial was denied on October 23, 2008. Appellant also states that the trial court told him at the hearing on the motion for new trial, held on October 17, 2008, that "your time table on your appellate process begins to run today." Explaining that his failure to timely file a notice of appeal was neither intentional or deliberate, he asks that we allow him to continue with his appeal. We have no jurisdiction, however, to grant his request.

Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26); *In re Estate of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.). Accordingly, we: grant appellee's motion to dismiss; deny appellant's motion to extend the time to file the notice of appeal; and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Costs of appeal are taxed against appellant.

PER CURIAM