**Opinion issued January 21, 2016**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-15-00716-CV

—————————————

**ZIMAC CARE CENTER INC. AND VIRGINIA AKUCHIE, Appellants**

**V.**

**NGOZI NWEZE, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-52006**

---

## MEMORANDUM OPINION

Appellants, Zimac Care Center Inc. and Virginia Akuchie, attempt to appeal

from the trial court's final judgment signed on May 1, 2015. Appellee, Ngozi

Nweze, has filed a motion to dismiss the appeal for want of jurisdiction. Appellants

have filed a response to the motion and a motion for leave to file their notice of appeal. We deny appellants' motion, grant appellee's motion, and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, or motion to reinstate. *Id.*; *see* TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Appellee contends that appellants did not timely file their notice of appeal. Appellants respond that this case presents a question whether the trial court, when it denied their motion for new trial on August 7, 2015, had lost its plenary power to rule on the motion and, if yes, should they "have filed a notice of appeal, and then request[ed] an abatement for the trial court to make its ruling." Appellants

2

additionally assert that they had until August 20, 2015, to request an extension of time to file their notice of appeal and filed their notice of appeal before that date.

Appellants, however, did not file their notice of appeal within the fifteen-day extension period provided by rule 26.3. The trial court signed the final judgment on May 1, 2015. Because they timely filed a motion for new trial, appellants' notice of appeal was due by July 30, 2015, or August 14, 2015, with a fifteen-day extension. Appellants filed their notice of appeal on August 18, 2015, after the fifteen-day extension period had ended.

Once the fifteen-day extension period for filing a notice of appeal has passed without filing a notice of appeal, a party can no longer invoke the appellate court's jurisdiction. *Verburgt,* 959 S.W.2d at 617; *In re Estate of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1. If the notice is untimely, a court of appeals can take no action other than to dismiss the proceeding. *Cartmill v. Cartmill*, No. 14-06-00583-CV, 2006 WL 2164721, at *1 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, pet. denied) (mem. op.) (citing *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2003, no pet.)). Because the notice of appeal in this case was filed beyond the fifteen-day extension period, we must dismiss the appeal. *See Cartmill*, 2006 WL 2164721, at *1.

Accordingly, we deny appellants' motion for leave to file a notice of appeal, grant appellee's motion to dismiss the appeal, and dismiss the appeal for want of jurisdiction. All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Higley, Huddle, and Lloyd.