**Opinion issued June 14, 2016**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-16-00263-CV

————————————

## SMILE ARTIST DENTISTRY, LLC AND RODRIGO CABRERA,
### Appellants

### V.

## HOUSTON AUTO M. IMPORTS GREENWAY, LTD. D/B/A
## MERCEDES-BENZ OF HOUSTON GREENWAY, Appellee

---

### On Appeal from the 151st District Court
### Harris County, Texas
### Trial Court Case No. 2014-43726

---

### MEMORANDUM OPINION

Appellants, Smile Artist Dentistry, LLC and Rodrigo Cabrera, attempt to

appeal from the trial court's final summary judgment signed on November 30, 2015.

Appellee, Houston Auto M. Imports Greenway, Ltd., doing business as Mercedes-Benz of Houston Greenway, has filed a motion to dismiss the appeal for lack of jurisdiction and seeks damages for a frivolous appeal. Appellants have not responded to the motion.

We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, or motion to reinstate. *Id.*; *see* TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final judgment on November 30, 2015. And appellants timely filed a motion for new trial on December 30, 2015. Their notice of appeal, therefore, was due by February 29, 2016, or March 15, 2016, with a

fifteen-day extension. Appellants filed their notice of appeal on March 28, 2016, after the fifteen-day extension period had ended.

Once the fifteen-day extension period for filing a notice of appeal has passed without the filing of a notice of appeal, a party can no longer invoke the appellate court's jurisdiction. *Verburgt*, 959 S.W.2d at 617; *In re Estate of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1. If the notice is untimely, a court of appeals can take no action other than to dismiss the proceeding. *Cartmill v. Cartmill*, No. 14-06-00583-CV, 2006 WL 2164721, at *1 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, pet. denied) (mem. op.) (citing *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2003, no pet.)).

Because appellants filed their notice of appeal beyond the fifteen-day extension period, we must dismiss the appeal. *See Cartmill*, 2006 WL 2164721, at *1. Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. We deny appellee's request for costs and fees for a frivolous appeal and dismiss as moot any other pending motions.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.