**Affirmed and Opinion filed December 15, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

### NO. 14-21-00273-CV

_____

**KATRINA RIDGE, Appellant**

**V.**

**AMANDA RIDGE, Appellee**

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 358,034**

## O P I N I O N

This appeal raises questions of subject-matter jurisdiction and finality in a guardianship proceeding. In what appears to be an issue of first impression for this court, we conclude that the dismissal of a contest to an application for appointment as a guardian can, but as here does not always, end a discrete phase of the proceedings and therefore constitute a final guardianship order.

Appellant Katrina Ridge (Mother) was the former guardian of the person for her incapacitated adult daughter, Angela. Appellee Amanda Ridge (Sister),

Mother's other daughter, filed a contest in the guardianship proceeding seeking removal of Mother as guardian and appointment as the successor guardian. After hearing evidence that Mother mismanaged Angela's estate, the probate court removed Mother as guardian of the person without notice and required Mother to provide security on costs to maintain her contests. After Mother did not provide the required security, the probate court dismissed her contests. When Mother later attempted to reassert her contest to Sister's application for appointment as guardian of the estate, the probate court struck Mother's contest for her previous failure to provide security on costs.

Before addressing Mother's appellate issues which challenge the order requiring security on costs and the dismissal of her contests, we first consider our jurisdiction and conclude that Mother did not timely appeal three of her four issues. We have jurisdiction to address only Mother's issue four in which she asserts the probate court erred by striking her contest of Sister's application for appointment as Angela's guardian of the estate on the basis that Sister's guardian-of-the-person application was considered in a different proceeding from the guardian-of-the-estate application and therefore no preclusion should have attached. Concluding that (1) Mother was not precluded from bringing a contest to Sister's guardian-of-the-estate application and (2) that the trial court did not err in striking Mother's reasserted contest of Sister's guardian-of-the-estate application, we affirm the August 23, 2021 order of the trial court as challenged on appeal.

## I.   BACKGROUND

Mother initiated a guardianship proceeding for Angela in 2007 in Harris County Probate Court No. 3 and was appointed guardian of the person of Angela. A guardian of the estate was not appointed at that time.

In 2019, Mother experienced health issues which prevented her from

2

physically caring for Angela, who then went to live with Sister. In September 2020, Sister filed an application to have Mother removed as Angela's guardian of the person and further sought appointment as successor guardian of the person. As a result of conflict between Mother and Sister, the court appointed an attorney ad litem[1] and a guardian ad litem,[2] who both investigated Angela's health and financial situation.

When Angela's father died in 2010, a life insurance policy he purchased for her benefit paid approximately $400,000 into a trust for Angela. A decade later both the guardian ad litem and attorney ad litem raised concern that Mother had disregarded her fiduciary duties and engaged in "egregious financial abuse" with the trust funds. The two ad litems provided evidence to the trial court that Mother had spent down all the trust funds with little documentation to explain how the money was spent. The ad litems were further concerned that a significant portion of the proceeds was used to purchase real estate where Mother lived, but Angela was not identified as a legal owner of the property. Due to Mother's nonpayment of income and property taxes, the real property was burdened by several tax liens at the time of Sister's application.

After these investigations, Sister applied to have Mother removed as guardian without notice. *See* Tex. Est. Code Ann. § 1203.051(a)(6), (7). Sister also amended her pleadings to apply as guardian of the estate as well as the person. Finding by clear and convincing evidence that Mother had "misapplied Angela's property entrusted to her care," the probate court signed a February 10, 2021 order

---

[1] *See* Tex. Est. Code Ann. §§ 1054.001–.007 (attorneys ad litem), 1203.052 (trial court may appoint attorney ad litem following motion to remove guardian with notice under certain circumstances to protect ward's interests).

[2] *See* Tex. Est. Code Ann. §§ 1054.051–.056 (guardians ad litem), 1203.052 (trial court may appoint guardian ad litem following a motion to remove guardian with notice to investigate whether guardian has become incapacitated).

removing Mother as guardian and appointing Sister as temporary guardian of the person and the estate pending Mother's contest of Sister's application. *See* Tex. Est. Code Ann. §§ 1203.051(a)(6), .056(a). The attorney ad litem filed a motion for costs asking the probate court to require Mother to provide security for costs for the fees of the guardian ad litem and attorney ad litem because of her mishandling of Angela's property. *See* Tex. Est. Code Ann. §§ 1053.052, 1155.054(d). The probate court granted this motion and signed an order on security of costs requiring Mother to provide $25,000 in security within 15 days.

In March 2021, after Mother had neither complied with the order on security for costs nor filed a statement reflecting her inability to pay costs, Sister filed a motion to dismiss Mother's contest of her application for guardianship.[3] *See* Tex. Est. Code Ann. § 1155.151(a-2)(3) ("Notwithstanding any other law requiring the payment of court costs in a guardianship proceeding . . . a person or entity who files an affidavit of inability to pay costs under Rule 145 . . . that shows the person or entity is unable to afford the costs" cannot be required to pay court costs during guardianship proceeding). The probate court granted Sister's motion and signed a March 15, 2021 order dismissing Mother's contests with prejudice (first order dismissing contest). Shortly thereafter, the probate court signed an April 5, 2021 order appointing Sister as Angela's successor guardian of the person (order on successor guardian of the person).

In June 2021, Mother filed a new contest of Sister's application for

---

[3] Mother admits that she did not file a statement of inability to pay costs until May 11, 2011, more than 30 days after the signing of the order appointing Sister successor guardian of the person. Had Mother filed a timely statement of inability to pay costs reflecting that she did not have the means to the pay the costs, Mother would not have been required to provide security for costs. *See* Tex. Est. Code Ann. §§ 1053.052, 1155.151(a-2); *see also* Tex. R. Civ. P. 145. However, the statement of inability to pay costs that Mother filed was incomplete and provided little information about her financial situation other than the fact she was retired and received Social Security benefits.

appointment as guardian of the estate, and Sister filed a motion to dismiss the contest due to her failure to comply with the order on security of costs. The probate court granted the motion and struck and dismissed Mother's contest on July 8, 2021 (second order dismissing contest). Although the probate court orally rendered its ruling appointing Sister as permanent guardian of the estate on July 6, 2021, the probate court signed the order on August 23, 2021. Mother filed a premature notice of appeal of the July 6th ruling to protect her interests and later amended her notice of appeal after the signing of the August 23rd final order. Tex. R. App. P. 27.1 (prematurely filed notice of appeal is effective and deemed filed on day of, but after, event that begins period for perfecting appeal). Mother now appeals the order on security of costs, the first order dismissing contest, and the second order dismissing contest.[4]

## II. ANALYSIS

Mother presents four issues on appeal, alleging the probate court erred by: (1) requiring Mother to provide security for costs incurred for actions initiated and prosecuted by Sister; (2) including anticipated costs in the order on security of costs; (3) signing the first order dismissing contest when she was unable provide security for costs; and (4) signing the second order dismissing contest. Mother's

---

[4] Mother filed two notices of appeal. On May 13, 2021, Mother appealed the trial court's February 10, 2021 order removing her as guardian of the person. On August 5, 2021, Mother appealed the second order dismissing contest and "any other rulings subsumed therein." Mother later amended her August 5, 2021 notice of appeal to include the August 23, 2021 order appointing Sister as guardian of the estate, in which she alleges all other previous orders in the guardianship proceeding have merged.

Mother filed with the clerk of this court a motion to dismiss her May 13, 2021 notice of appeal. This court took no action, stating Mother "may choose not to brief the issues related to her first notice of appeal without prejudice to the entirety of her appeal." *See* Tex. R. App. P. 38.1(f), (i). Because Mother does not raise any error in the trial court's February 10, 2021 order removing her as guardian of the person, we do not address the trial court's February 10, 2021 order in our disposition of this appeal.

5

issue 4 is raised in the alternative, for consideration if we conclude the order on security of costs and the first order dismissing contest did not merge into the August 23, 2021 order appointing sister guardian of the estate.

Although Mother contends that all the orders she appeals were interlocutory and merged into the trial court's August 23, 2021 order, Sister argues that Mother did not timely appeal at least three of her four issues. Therefore, we first consider our jurisdiction and the finality of the probate court's orders.

## A.    Jurisdiction to consider Mother's issues

### 1.  Applicable law

The time for filing a notice of appeal is jurisdictional for this court, and a late-filed notice of appeal deprives this court of jurisdiction. *See* Tex. R. App. P. 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) (construing former 1986 Texas Rule Appellate Procedure 41(a)). Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed, unless the appellant files a qualifying postjudgment motion to extend the deadline. Tex. R. App. P. 26.1(a); *see also In re Estate of Padilla*, 103 S.W.3d 563, 566–67 (Tex. App.—San Antonio 2003, no pet.) (dismissing attempted appeal from final, appealable probate order because notice of appeal was untimely).

Probate courts, which adjudicate guardianship proceedings, may render multiple appealable judgments on discrete issues, or phases of the proceeding, before the entire guardianship proceeding is concluded. Tex. Est. Code Ann. § 1022.001(c) ("A final order issued by a probate court is appealable to the court of appeals.")[5] [6]; *see De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (exception

---

[5] Estates Code section 1022.001, which governs jurisdiction and appeals from guardianship proceedings is identical to Estates Code section 32.001(a)-(c), which governs jurisdiction and appeals from probate proceedings. Because the provisions are identical, the law

for probate proceedings from one-final-judgment rule exists, in part, to allow appellate review of controlling, intermediate issues in order to prevent error from harming later phases of proceeding); *see also Clark v. Clark*, 638 S.W.3d 829, 842–43 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (Spain, J., concurring) ("statutory language applicable to the current practice of appealing from the probate court to the intermediate appellate court has shifted from authorizing appeals from final orders in cases within the probate court's original jurisdiction to . . . language . . . in which the legislature did not limit the scope of the appellate provision to a 'probate proceeding,' a 'matter related to a probate proceeding,' or pendent or ancillary matters"). But not all probate and guardianship orders are appealable. *Mackie*, 193 S.W.3d at 578.

To determine whether an order in a probate or guardianship proceeding is final for purposes of appeal, we first give controlling effect to an express statute

applicable to the determination of a final, appealable probate order also applies to the determination of a final, appealable guardianship order.

[6] Texas Probate Code section 5 to 5(e), 5(f), 606(f), 605(c), and finally to the current Estates Code section 1022.001(c), have allowed appeals in guardianships to the court of appeals from "final orders." *See* Tex. S.J. Res. 26, § 1, 63d Leg., R.S., 1973 Tex. Gen. Laws 2471, 2471 (former Tex. Const. art. V, § 8, adopted at election on Nov. 6, 1973, amended 1985), Act of May 24, 1973, 63d Leg., R.S., ch. 610, § 1, sec. 5, § 3, 1973 Tex. Gen. Laws 1684, 1684, 1685 (Texas Probate Code § 5, effective on adoption of Tex. S.J. Res. 26; "[A]ll final orders in such matters shall be appealable to the courts of (civil) appeals."), *amended by* Act of May 29, 1975, 64th Leg., R.S., ch. 701, § 2, sec. 5(e), 1975 Tex. Gen. Laws 2195, 2196 (Texas Probate Code § 5(e); "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals."), *amended by* Act of May 23, 1989, 71st Leg., R.S., ch. 1035, § 2, sec. 5(f), 1989 Tex. Gen. Laws 4162, 4163 (Texas Probate Code § 5(f); "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals."), *amended by* Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, sec. 606(f), 1993 Tex. Gen. Laws 4081, 4084 ("A final order of a court that exercises original probate jurisdiction is appealable to a court of appeals.") (act creating new Probate Code chapter XIII ("Guardianship"), *repealed by and amended to add Texas Probate Code § 605(c) by* Act of May 27, 2011, 82d, R.S., ch. 1085, § 2, sec. 605(c), § 42, 2011 Tex. Gen. Laws 2809, 2809, 2821 ("A final order issued by a probate court is appealable to the court of appeals"), *repealed by and amended to add Estates Code § 1022.001(c) by* Act of May 19, 2013, 83d Leg., R.S., ch. 161, § 6.078(a), 2013 Tex. Gen. Laws 622, 636, 637, 656 ("A final order issued by a probate court is appealable to the court of appeals.").

7

declaring the phase of the proceeding to be final and appealable. *Id*. If no express statute controls, a probate court order is final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *Id*. at 579 (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (applying former Probate Code section 55(a), since repealed)); *see also In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021) ("For probate and guardianship proceedings, *Crowson v. Wakeham* establishes the test for finality.").

When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).

### 2. Order on security of costs was not final

Although Mother appeals the order on security of costs, she does not argue that it was a final, appealable order. Instead, Mother argues it was subsumed into the August 23rd final order and therefore properly before this court. Sister, in response, asserts the order on security of costs, although not final itself, was subsumed into the first order dismissing contest which Sister contends was final, and appealable.

Because no controlling statute declares an order requiring security for costs as final and appealable, the inquiry is whether the order requiring security for costs disposes of all parties or issues, or was logically separate from the rest of the proceedings. *See Mackie*, 193 S.W.3d at 579; *In re Estate of Savana*, 529 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Crowson*, 897 S.W.2d at 783; *Asafi v. Rauscher*, No. 14–09–00800–CV, 2009 WL 4346067, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, pet. denied) (mem. op.). We agree with the parties that the order on security of costs was not a final order.

8

Requiring Mother to provide security for costs did not end any phase of the proceeding. It neither addressed any of Angela's substantive rights, nor was it logically separate from the rest of the proceedings.

We now consider the first order dismissing contest.

### 3. First order dismissing contest was not final

Mother maintains that the first order dismissing contest was not final and was subsumed into the August 23rd final order. Sister argues the first order dismissing contest was a final, appealable order. Although Sister cites no caselaw addressing a dismissal of contest for failure to provide security, she argues the dismissal was similar to (1) a ruling on a limine order[7] finding a party has an adverse interest or (2) a ruling on a Rule 91a dismissal, either of which she claims is final and appealable. Sister's argument is premised on her assumption that the dismissal of Mother's contest ended a defined phase of the proceedings, i.e., once the trial court dismissed Mother's contest there ceased to be a contested guardianship proceeding. However, not all rulings on Rule 91a motions are final and appealable. *See Kostas v. Kostas*, No. 14-18-00721-CV, 2021 WL 4957065, at *3 (Tex. App.—Houston [14th Dist.] Oct. 26, 2021, no pet.) (mem. op) (order granting Rule 91a motion did not dispose of all parties or issues "in a particular phase of the proceedings," nor was it logically separate from rest of proceedings); *Riddick v. Marmolejo*, No. 04-13-00157-CV, 2014 WL 953464, at *2 (Tex. App.—San Antonio Mar. 12, 2014, no pet.) (mem. op.) (order dismissing counterclaim was not appealable because claims arising from administration and operation of the same trusts remained pending); *cf. Savana*, 529 S.W.3d at 591

___

[7] In the context of a guardianship proceeding, a motion in limine is a motion challenging a person's standing. Tex. Est. Code Ann. § 1055.001(c) ("The court shall determine by motion in limine the standing of a person who has an interest that is adverse to a proposed ward or incapacitated person.").

9

(when claims dismissed by trial court pursuant to Rule 91a motion are logically separate from balance of proceeding, order is final and appealable). The dismissal of a contest to an application to appoint or remove a guardian similarly can, but does not always, end a discrete phase of the proceedings and result in a final, appealable order. *See Mackie*, 193 S.W.3d at 579; *Gutierrez v. Stewart Title Co.*, 550 S.W.3d 304, 310–11 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (summary-judgment order did not end discrete phase of proceedings); *Kostas*, 2021 WL 4957065, at *3.

There is no controlling statute that declares this type of order final and appealable. *See Mackie*, 193 S.W.3d at 578. The relevant phase of the proceedings was initiated by Sister's application to remove Mother as guardian of the person and substitute herself as the successor guardian of the person and guardian of the estate. Sister's motion to remove Mother without notice was granted, and Sister was appointed temporary guardian of the person and temporary guardian of the estate. When the first order dismissing contest was signed, there was not yet a permanent successor guardian of the person. Sister had only been appointed as a temporary guardian. Although Sister is correct that the first order dismissing contest concluded the contest to Sister's application, it did not resolve Sister's application for appointment as guardian of the person or the estate and dispose of all issues in that phase of the proceedings. *See Mackie*, 193 S.W.3d at 579 (probate court order is final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings"). It was Sister's application that started the particular phase of the proceedings, not any action on the part of Mother. The first order dismissing contest simply set the stage for the appointment of a permanent successor guardian of the person but did not bring to an end the phase of the proceedings. Therefore, we conclude that the first order dismissing contest was not

10

a final appealable order.

## 4. Order on successor guardian of the person

In contrast, the order on successor guardian of the person was made appealable by statute. Tex. Est. Code Ann. § 1152.001 (party may "appeal from an order or judgment appointing a guardian"). The question raised by Mother in this appeal is whether the order on successor guardian of the person was final. Mother acknowledges the order on successor guardian of the person was appealable but argues the statute does not necessarily make such an order final and challenges the finality. *See* Tex. Est. Code Ann. § 1152.001; *see also In re Hart*, No. 02–14–00260–CV, 2015 WL 2169130, at *1 (Tex. App.—Fort Worth May 7, 2015, no pet.) (order appointing temporary guardian is interlocutory and appealable). She further argues that Sister's application for appointment as guardian of the estate remained pending and therefore the particular phase of the proceedings had not concluded. We disagree.

Sister's initial application sought only appointment as guardian of the person as there had never been a guardian of the estate. Sister later amended her pleadings and sought appointment as both guardian of the person and the estate. However, once Sister was appointed as the permanent successor guardian of the person, that particular stage of the proceedings addressing the guardianship of the person concluded. The order on successor guardian of the person did not set the stage for any further ruling or further proceedings. *See In re Guardianship of Gafford*, No. 01-17-00634-CV, 2019 WL 2127597, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2019, no pet.) (mem. op.) ("[T]he litigation over the appointment of a permanent guardian of [the] estate logically represents a different phase of the proceedings from the litigation over the appointment of a permanent guardian of [the] person. . . . Therefore, the guardian-of-the-person phase of the proceedings is

11

final, or not, irrespective of the guardian-of-the-estate phase's progress."); *see also In re Guardianship of Glasser*, 297 S.W.3d 369, 373 (Tex. App.—San Antonio 2009, no pet.) (although probate court's order disposed of issue of whether party could hire litigation counsel, it did not "dispose of all parties or issues in a particular phase of the proceedings" or finally adjudicate any substantive right of ward).

Because the order on successor guardian of the person disposes of all parties and issues relating to Sister's application for appointment as guardian of the person, we hold the order on successor guardian of the person order was a final, appealable order into which the order on security of costs and the first order dismissing contest merged. Mother did not file her original second notice of appeal until August 5, 2021, which was well after the deadline for filing a notice of appeal of a final order signed April 5, 2021.[8] *See* Tex. R. App. P. 26.1(a). Therefore, we lack subject-matter jurisdiction to consider whether the trial court erred by: (1) ordering Mother to provide security for costs that included past actions initiated by Sister (Mother's issue 1); (2) requiring Mother to pay security for costs anticipated to be incurred in Mother's contest (Mother's issue 2); and (3) dismissing Mother's contest with prejudice when she was unable to provide security for costs (Mother's issue 3).

In contrast, Mother's appeal of the second order dismissing contest is timely. The trial court signed the second order dismissing contest on July 8, 2021 and the second original notice of appeal was filed fewer than thirty days later.

---

[8] The record does not reflect that Mother filed any postjudgment motion.

**B.** **Trial court did not err in signing the second order dismissing contest**

In issue 4, Mother asserts the trial court erred by striking her contest of Sister's application for appointment as guardian of the estate in the second order dismissing contest. Mother argues the first order dismissing contest only dismissed with prejudice her "claims in this proceeding," which she maintains only included her contest of Sister's application for appointment as guardian of the person. She urges that none of her claims with respect to the application for guardian of the estate should have been dismissed and that she was denied her right to contest Sister's application. Tex. Est. Code Ann. § 1055.001(a)(2) ("any person has the right to . . . appear and contest a guardianship proceeding or the appointment of a particular person as guardian").

Mother's issue 4 raises the question of what constitutes a guardianship proceeding and how phases of a guardianship proceeding implicate claim preclusion.[9] Because Mother alleges there were multiple guardianship proceedings, we begin our analysis with the definition of a guardianship proceeding.

"A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based." *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). To initiate a proceeding to appoint a guardian, a person must file a written application in the proper court. Tex. Est. Code Ann. § 1101.001(a). Texas law permits the creation of a guardianship of a person or an estate, or both. *See id*. §§ 1002.012(b) (defining "guardian" to include both guardian of incapacitated person and guardian of incapacitated person's

---

[9] "Broadly speaking, res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). "Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Id*.

13

estate), 1101.001(b)(3) (requiring the application to state whether it is for guardianship of the person or estate, or both). It undisputed that Mother initiated a guardianship proceeding for Angela in 2007, which had been ongoing. It is also undisputed that Sister filed a motion in that guardianship proceeding to remove Mother as guardian and an application to have herself appointed as successor guardian of the person (later amending her application to seek appointment as both guardian of the person and the estate).

The Estates Code defines a "guardianship proceeding" as "a matter or proceeding related to a guardianship or any other matter covered by this title," including "the appointment of a guardian of a minor or other incapacitated person" and "an application, petition, or motion regarding guardianship or a substitute for guardianship under this title." Tex. Est. Code Ann. § 1002.015. The Estates Code also expressly states when a guardianship proceeding begins and ends. Tex. Est. Code Ann. § 1022.002; *see In re Guardianship of Fairley*, 650 S.W.3d 372, 381 (Tex. 2022). A guardianship proceeding begins with "the filing of the application for the appointment of a guardian of the estate or person, or both." Tex. Est. Code Ann. § 1022.002(d). It ends when "the guardianship is settled and closed under this chapter." *Id*. However, a single guardianship proceeding is composed of various phases of the proceedings with each phase resulting in a final order. As discussed above, consideration of Sister's guardian-of-the-person application was a separate phase of the proceedings from Sister's guardian-of-the-estate application. *See Gafford*, 2019 WL 2127597, at *3

Because the trial court held separate hearings on Sister's applications, Mother argues there was an "effective bifurcation of Sister's application" into two proceedings.[10] However, the fact the trial court held two separate hearings does not

_____

[10] The reporter's record for the March 22, 2021 hearing at which the trial court heard

14

create a separate guardianship proceeding for the two parts of Sister's application. Instead, this further supports our conclusion, discussed above, that the two applications were considered in separate phases of the proceeding.

To the extent that Mother intended to argue that a dismissal of her contest to Sister's guardian-of-the-estate application in one phase of the proceedings should not have precluded her ability to reassert her contest in a later phase of the proceedings, the timing of the parties' pleadings do not support such an argument. At the time of the first order striking contest, Sister's live pleadings contained an application for appointment as guardian of the person and the estate. Mother had responded to Sister's applications by contesting both applications before the first order striking contest was rendered.[11] Therefore, no claim preclusion issue is raised by the facts. Mother was able to assert contests to Sister's applications, though her contests were dismissed because she did not comply with the trial court's order for security or file a statement of inability to pay costs. The dismissal for failure to provide security for costs is permitted by the Estates Code and the Texas Rules of Civil Procedure.

The Estates Code provides that the trial court can require a person who files a contest to an application to provide security for the probable costs of the proceeding. *See* Tex. Est. Code Ann. § 1053.052. The general rules governing

argument and evidence on Sister's guardian-of-the-person application reflects that Sister had set both applications to be heard at the same time. However, the trial court stated on the record that Sister's guardian-of-the-estate application could not go forward on that date because the trial court had identified "some issues."

[11] At the hearing on Sister's motion to strike, the trial court specifically discussed that the contest brought by Mother of Sister's guardian-of-the-estate application in June 2021 was nearly identical to the contest Mother asserted before the trial court rendered the first order dismissing contest. Mother argued to the trial court that Sister had not made clear enough which contest or contests she sought dismissal of in March 2021. However, Sister's motion to dismiss broadly sought dismissal of Mother's "claims and defenses in this action" which at the time included Mother's contest of Sister's guardian-of-the-estate application.

15

security for probable costs apply. *Id*. Therefore, we look to Texas Rule of Civil Procedure 143, which states that if a party ordered to provide security for costs does not comply with such order, "the claim for affirmative relief of such party shall be dismissed." Tex. R. Civ. P. 143. Sister's motion sought to dismiss Mother's "claims and defenses in this action for failure of [Mother] to give security for costs." Mother's contest of both applications can be fairly described as "claims for affirmative relief." *See* Tex. R. Civ. P. 143. Therefore, Mother's contests of Sister's applications were dismissed with prejudice. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982) (holding that probate court did not abuse its discretion by dismissing will contest for contestants' failure to file security for costs that had been ordered by probate court)[12]; *In re Guardianship of Jones*, No. 02–15–00367–CV, 2016 WL 4474353, at *9–10 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (mem. op.) (trial court did not abuse its discretion in striking pleadings when party failed to comply with order to provide security for costs and offered no evidence of inability to pay).

Concluding (1) that Mother was not precluded from bringing a contest and (2) that Sister's guardian-of-the-person application was not addressed in a separate proceeding from her guardian-of-the-estate application, we find no reversible error in the second order dismissing contest.

We overrule Mother's issue 4.

---

[12] In *Clanton*, a will contest case, the supreme court found no merit in the appellants' argument that dismissal of their cause of action for failing to give security for costs violated their due-process rights when they received adequate notice of the hearing, were on notice of the rules, and had the opportunity to be heard at the hearings. 639 S.W.2d at 931.

### III. CONCLUSION

Because Mother did not timely appeal two of the challenged guardianship orders, we lack subject-matter jurisdiction to consider Mother's issues 1, 2, and 3. Having overruled Mother's issue 4, we affirm the trial court's August 21, 2021 order as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.