

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00595-CV

Sidney Vance **PHILLIPS**, Jr.,
Appellant

v.

Kimberly Rubeth **PHILLIPS**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV01244
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: October 11, 2023

DISMISSED FOR LACK OF JURISDICTION

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.). We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because it appeared that appellant's notice of appeal was not timely filed. After considering appellant's response and the record, we conclude appellant's notice of appeal was not timely filed and we are required to dismiss this appeal for lack of jurisdiction.

Generally, a party's notice of appeal must be filed within thirty days after a judgment is signed. *See* TEX. R. APP. P. 26.1. However, if any party timely files a motion for new trial, a motion to modify judgment, a motion to reinstate under Rule 165a of the Texas Rules of Civil Procedure, or a proper request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after a judgment is signed. *See id.* 26.1(a).

Appellant attempts to appeal the trial court's final judgment in a forcible detainer suit. The trial court signed the judgment on April 26, 2023. Appellant's "Motion to Reinstate Setting Aside Previous Judgment"—which we construe as a motion to modify the judgment—was due no later than May 26, 2023, thirty days after the final judgment was signed. *See* TEX. R. CIV. P. 329b(a), (g). However, appellant did not file his motion to modify the judgment until June 6, 2023. Thus, it appears appellant's motion to modify the judgment was untimely.

When a post-judgment motion that may operate to extend the deadline to file a notice of appeal is not timely filed, an appellant's notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. An untimely post-judgment motion does not extend the time to file a notice of appeal. *See In re Est. of Block*, No. 04-11-00558-CV, 2011 WL 5115697, at *1 (Tex. App.—San Antonio Oct. 26, 2011, no pet.) ("An untimely motion for new trial does not extend appellate deadlines.").

Because appellant's motion to modify the judgment was not timely filed—and therefore did not extend the deadline to file a notice of appeal—appellant's notice of appeal was due no later than May 26, 2023. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of

appeal was due no later than June 12, 2023.[1]  *See* TEX. R. APP. P. 26.3.  Appellant did not file his notice of appeal until June 16, 2023, and did not file a motion for extension of time.[2]

On July 12, 2023, we advised appellant that his notice of appeal was not timely filed, and we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

In his response to our show cause order, appellant attempts to argue the merits of his appeal and argues the court should not dismiss the appeal "in the interest of justice."  These arguments do not establish this court's jurisdiction to entertain his appeal.  "Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal."  *Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (citing *Verburgt*, 959 S.W.2d at 617).

Appellant also argues we have jurisdiction over the appeal because he did not receive notice of the judgment until June 2, 2023.  The Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure allow a party additional time to file post-judgment motions and a notice of appeal if the party did not receive notice of the trial court's judgment within twenty days after the judgment was signed.  *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1).  However, the party seeking additional time must first file a timely motion to extend post-judgment deadlines in accordance with Rule 306a(5) of the Texas Rules of Civil Procedure.  *See* TEX. R. CIV. P. 306a(5) ("In order to establish the application of paragraph (4) of this rule, the party adversely affected is

---

[1] Because the motion for extension of time was due on a Saturday, the due date was extended to the following Monday, June 12, 2023.  *See* TEX. R. APP. P. 4.1(a) ("[I]f [the due date] is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26).  However, "once the period for granting a motion for extension of time under [Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."  *Id.*  Here, the period for granting a motion for extension of time passed before appellant filed his notice of appeal.

required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed."); TEX. R. APP. P. 4.2(b) ("The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5.").

"Although [R]ule 306a(5) does not impose an express time limit for filing, the supreme court has clarified that a [R]ule 306a(5) motion may be filed at any time within the trial court's plenary power 'measured from the date determined under [R]ule 306a(4).'" *Moore Landrey, L.L.P. v. Hirsch & Westheimer P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (quoting *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001)). Under Rule 306a(4), the trial court's plenary jurisdiction is measured from "the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing, as long as such date was more than twenty days after the judgment was signed." *In re Est. of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.) (internal quotation marks omitted).

Appellant concedes in his response that he received actual notice of the judgment on June 2, 2023. Appellant, however, did not file a motion to extend post-judgment deadlines under Rule 306a(5), and the trial court's plenary power—measured from June 2, 2023—has expired. Therefore, the post-judgment motion and notice of appeal deadlines were not extended. Accordingly, appellant's notice of appeal was not timely filed, and we must dismiss this appeal for lack of jurisdiction. *See id.*

PER CURIAM